**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Eugene Clarence Vaughan,                )<br>                                                            )<br>                    Petitioner,           )<br>                                                            )<br>    v.                                                    )<br>                                                            )<br>United States of America,                )<br>                                                            )<br>                    Respondent.       )<br>_____) | Criminal No. 2:94-511-RMG<br><br>**ORDER AND OPINION** |

      This matter is before the Court on the Government's motion to dismiss or, in the alternative, summary judgment on Petitioner's motion for an order vacating his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 143). For the reasons set forth below, the Court grants the Government's motion to dismiss and dismisses Petitioner's motion for relief under § 2255.

**I.     Background**

      On May 18, 1995, Petitioner was convicted of carjacking, using a firearm during a crime of violence, and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 2119, 924(c), and 922(g). On February 29, 1996, he was sentenced to 480 months imprisonment. On June 24, 2016, Petitioner moved to vacate his sentence under 28 U.S.C. § 2255, based on the Supreme Court's opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government moved to dismiss the § 2255 motion, arguing *Johnson* does not apply to the residual clause in § 924(c) and that Petitioner's predicate convictions of carjacking for his § 924(c) sentences were crimes of violence under the § 924(c) force clause.

      On September 28, 2016, the Court granted the motion to dismiss Petitioner's § 2255 motion, ruling that carjacking convictions are crimes of violence under the force clause of § 924(c). On October 24, 2016, Petitioner filed a motion to reconsider, arguing that he was sentenced as a

career offender as to count five (possession of a firearm by a convicted felon) in part because of a predicate crime in New York—first degree robbery—that is not a qualifying predicate crime of violence. The Court granted the motion to reconsider, vacated its prior order, and stayed consideration of the § 2255 motion pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544. After *Beckles* was decided, Petitioner filed an amended supplemental brief in support of his § 2255 motion. The next day, the Court stayed consideration of this matter pending the Fourth Circuit's decision in *United States v. Brown*, No. 16-7056. On June 2, 2017, the Government filed a renewed motion to dismiss the § 2255 motion, arguing that *Brown* has no possible relevance to the motion to vacate.

On July 10, 2017, the Court dismissed Petitioner's § 2255 motion without prejudice. (Dkt. No. 111 at 4) ("[R]ather than continuing to stay this matter pending various appellate decisions, the Court will simply dismiss the § 2255 motion without prejudice. Petitioner may refile his motion to vacate if subsequent appellate decisions provide authority suggesting a constitutional defect in his sentence.").

On May 8, 2020, Petitioner refiled a motion to vacate his sentence pursuant to § 2255. (Dkt. No. 112). On May 11, 2020, the Court appointed Petitioner counsel, (Dkt. No. 114), and, on June 18, 2020, Petitioner filed a supplemental motion to vacate under § 2255, (Dkt. No. 115) (arguing *Rehaif v. United States*, 139 S. Ct. 2191 (2019) and *United States v. Gary*, 954 F.3d 194 (4th Cir. 2021), *rev'd sub nom. Greer v. United States*, 141 S. Ct. 2090 (2021), entitled Petitioner to relief).

On July 8, 2021, the Government moved to dismiss or, in the alternative, for summary judgment. (Dkt. No. 143). Petitioner opposes, (Dkt. No. 147), arguing that the Supreme Court's recent decision in *Borden v. United States*, 141 S. Ct. 1817 (2021) requires the Court vacate his

sentence. On September 14, 2021, the Court directed the Government to address whether *Borden* had any bearing on Petitioner's pending motion. (Dkt. No. 148). On September 30, 2021, the Government filed a brief addressing that question. (Dkt. No. 149).

The Government's motion is fully briefed and ripe for disposition.

**II.     Legal Standard**

To obtain relief under 28 U.S.C. § 2255, a petitioner must prove by preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). An individual bringing a motion under 28 U.S.C. § 2255 is entitled to an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Where the record "contains a dispute of material fact sufficient to preclude the grant of summary judgment to the Government," the petitioner is entitled to an evidentiary hearing. *United States v. White*, 366 F.3d 291, 301 (4th Cir. 2004). But "[n]o such hearing is required where the district judge deciding the § 2255 motion is thoroughly familiar with the case" and "it plainly appears from . . . the record of prior proceedings that the moving party is not entitled to relief." *Ouellette v. United States*, 862 F.2d 371, 377 (1st Cir. 1988); Rule 4(b) of the Rules Governing Section 2255 Proceedings.

A one-year period of limitation applies to motions brought under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). The limitation period runs from the latest of:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Unless an exception applies, a defendant must file an application for relief under § 2255 within one year of his conviction becoming final. Where a defendant does not seek review by the Supreme Court, his conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction. *United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004).

### III.  Discussion

As a threshold matter, the Government argues that the Petitioner's pending motion must be dismissed because it is an unauthorized second or successive petition under § 2244(b)(3)(A).

The Court finds that the instant petition is not second or successive. As noted *supra*, although the Court initially ruled on Petitioner's first motion for relief under § 2255, the Court subsequently granted Petitioner reconsideration of said order and, ultimately, declined to rule on Petitioner's petition, dismissing it without prejudice. *See* (Dkt. No. 111) ("[R]ather than continuing to stay this matter pending various appellate decisions, the Court will simply dismiss the § 2255 motion without prejudice. Petitioner may refile his motion to vacate if subsequent appellate decisions provide authority suggesting a constitutional defect in his sentence."). Functionally speaking, the Court did not reach the merits of Petitioner's initial petition. *Cf. Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996), *cert. denied*, 519 U.S. 894 (1996) ("it is not an abuse to file a successive petition if the previous petition or petitions were not denied on the merits; and that was the case here" because first petition was dismissed for nonexhaustion and second petition was dismissed for lack of subject matter jurisdiction); *Muniz v. United States*, 236 F.3d 122, 129 (2d

Cir. 2001) (per curiam) ("[W]hen a habeas or § 2255 petition is erroneously dismissed on AEDPA limitations period grounds, and another petition is filed that presses the dismissed claims, the subsequently-filed petition is not 'second or successive' if the initial dismissal now appears to be erroneous because the law on which that dismissal was predicated is unarguably no longer good law."); 2 Federal Habeas Corpus Practice and Procedure § 28.3 (2020) ("The second type of situation that is exempt from a successive petition analysis arises when the federal courts did not deny the earlier petition (or the relevant claim in the earlier petition) on the merits with prejudice."). Accordingly, the Court addresses the merits of Petitioner's pending petition.

When Petitioner committed his offenses, 18 U.S.C. § 2119 (the "1992 version") provided, in relevant part, "Whoever, possessing a firearm as defined in section 921 of this title, takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so" commits a federal offense. The day before Petitioner was indicted, 18 U.S.C. § 2119 was amended (the "1994 version") to add an intent element: "with the intent to cause death or serious bodily harm." Violent Crime Control and Law Enforcement Act of 1994, Pub. L. 103–322, 108 Stat 1796, 1970 (1994). At all relevant times, 18 U.S.C. § 924(c)(1) provided, "Whoever, during and in relation to any crime of violence . . . for which he may be prosecuted in a court of the United States, uses or carries a firearm" commits a federal offense. Title 18 U.S.C. § 924(c)(3)(A) defined "crime of violence" as a felony that either "(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another,"—the "force clause"—"or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"—the "residual clause."

Petitioner argues that the 1992 version of the carjacking statute is not a crime of violence under § 924(c). Petitioner argues that *Borden v. United States*, 141 S. Ct. 1817 (2021) dictates this finding. Though not entirely clear, Petitioner seemingly argue that because the 1992 carjacking statute lacks the "*mens rea*" element the 1994 version possesses, "the offense as charged in this case does not satisfy the elements clause after *Borden*." *See* (Dkt. No. 147 at 6-7) (arguing that the elements of the 1992 carjacking statue could be "satisfied even if there is no actual 'use, attempted use, or threatened use of physical force against the person'"). In addition to citing *Borden*, Petitioner cites *Holloway v. United States*, 526 U.S. 1 (1999), seemingly for the proposition that "intimidation" can be accomplished recklessly.

The Court rejects Petitioner's arguments and finds that 1992 version of the federal carjacking statute cannot be committed "recklessly." The Court further finds that carjacking is a crime of violence.

Carjacking may be accomplished by intimidation. 18 U.S.C. § 2119. Petitioner relies upon *Holloway* for the proposition that "intimidation" can be accomplished recklessly. (Dkt. No. 147 at 5-7). *Holloway* says no such thing. The issue before the Supreme Court in *Holloway* was whether the statutory phrase "with the intent to cause death or serious bodily harm" "requires the Government to prove that the defendant had an unconditional intent to kill or harm in all events, or whether it merely requires proof of an intent to kill or harm if necessary to effect a carjacking." 526 U.S. at 3. The Court explained,

> This interpretation of the statute's specific intent element does not, as petitioner suggests, render superfluous the statute's "by force and violence or by intimidation" element. While an empty threat, or intimidating bluff, would be sufficient to satisfy the latter element, such conduct, standing on its own, is not enough to satisfy § 2119's specific intent element. In a carjacking case in which the driver surrendered or otherwise lost control over his car without the defendant attempting to inflict, or actually inflicting, serious bodily harm, Congress' inclusion of the intent element requires the Government to prove beyond a reasonable doubt that

> the defendant would have at least attempted to seriously harm or kill the driver if that action had been necessary to complete the taking of the car.

*Id.* at 12. The Supreme Court merely held that an "empty threat, or intimidating bluff" is not sufficient to prove "intent to cause death or serious bodily harm"—it did not hold that a threat to use violence is not a threat to use violence if the threat is an "empty threat, or intimidating bluff."

An "empty threat, or intimidating bluff" is by definition a "threat." The force clause of § 924(c) applies not only to the use or attempted use of force, but also to the "threatened use" of physical force. 18 U.S.C. § 924(c)(3)(A). A threat to use physical force satisfies the force clause even if the perpetrator secretly intended not to follow through with his threat. So to succeed in his challenge, Petitioner must show someone could "take[] a motor vehicle . . . from the person or presence of another by force and violence or by intimidation, or attempt[] to do so" without using, attempting to use, or threatening to use, violent force. 18 U.S.C. § 2119. The Court struggles to imagine how that might happen; Petitioner also struggles to imagine it. Petitioner's briefing provides no such scenario. *See* (Dkt. No. 147 at 6). The logical impossibility of any set of facts satisfying § 2119 but not § 924(c)(3)(A) is precisely why the Fourth Circuit held carjacking—albeit the 1994 version—to be a crime of violence under § 924(c). *See United States v. Johnson*, 32 F.3d 82, 85 (4th Cir. 1994) (analyzing the 1994 federal carjacking statute and finding that "once the government satisfies the four elements necessary to establish a violation of § 2119, it necessarily proves all the elements of § 924(c)(1), that is, in every federal carjacking prosecution, the government will necessarily have to prove that the defendant used or carried a firearm during the commission of a crime of violence").

As it regards *Borden*, the case does nothing for Petitioner.

In *Borden*, the Supreme Court held that criminal offenses that can be accomplished with a *mens rea* of recklessness do not qualify under the force clause of the Armed Career Criminal Act

(ACCA), 18 U.S.C. § 924(e)(2)(B)(i). Specifically, the Court determined that Tennessee reckless aggravated assault lacks a *mens rea* element sufficient to satisfy the force clause. The ACCA's force clause defines a "violent felony" as any crime punishable by more than one year in prison that "has an element the use, attempted use, or *threatened* use of physical force against the person of another." *Id.* (emphasis added). The Court held that it does not "include [] offenses criminalizing reckless conduct." 141 S. Ct. at 1825 (plurality opinion); *Id.* at 1834 (Thomas, J., concurring in the judgment).

The Court explained that the ACCA's use of the phrase "against another" "demands that the perpetrator direct his action at, or target, another individual," and "[r]eckless conduct is not aimed in that prescribed manner," so the ACCA's elements clause does not cover it. *Id.* at 1825 (plurality opinion); *see* 18 U.S.C. § 924(e)(2)(B)(i). Instead, the crimes that the ACCA's elements clause covers "are best understood to involve not only a substantial degree of force, but also a purposeful or knowing mental state—a deliberate choice of wreaking harm on another, rather than mere indifference to risk." *Borden*, 141 S. Ct. at 1830 (plurality opinion); *Id*. at 1834 (Thomas, J., concurring in the judgment). Otherwise, as the Court warned, sentencing courts would improperly "impose large sentencing enhancements on individuals (for example, reckless drivers) far afield from the 'armed career criminals' ACCA addresses." *Id.* at 1825 (plurality opinion). The Court reserved the question of whether offenses involving "extreme recklessness" satisfy the force clause. *Id.* at 1825 n.4.

*Borden* did not change Fourth Circuit law. The Fourth Circuit has long held that a conviction predicated on a *mens rea* of recklessness does not satisfy the use of physical force requirement of the force clause of § 924(c) and other statutes. In *United States v. McNeal*, 818

F.3d 141, 154–55 (4th Cir. 2016), the Fourth Circuit held that reckless application of force could not qualify as a use of force under 18 U.S.C. § 924(c)(3): "recklessness was not enough."

In his briefing, Petitioner concedes that the "intimidation" required by carjacking (1992 version) is the same as the "intimidation" required by the federal bank robbery statute. (Dkt. No. 147 at 5) (defining carjacking's "intimidation" requirement by citing to case setting forth the definition of federal bank robbery's "intimidation" requirement) (quoting *United States v. Kelley*, 412 F.3d 1240 (11th Cir. 2005) ("Under section 2113(a), 'intimidation occurs when an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts.'")).

This correct concession is fatal.

The Fourth Circuit has held that federal bank robbery by intimidation qualifies as a crime of violence under the force clause of § 924(c)(3) because "the government must prove not only that the accused knowingly took property, but also that he knew that his actions were objectively intimidating." *McNeal*, 818 F.3d at 155. In *McNeal*, the defendant argued that bank robbery could be committed by recklessly engaging in intimidation. 818 F.3d at 155. The court rejected the contention. The Fourth Circuit agreed that bank robbery did not require a *specific intent* to intimidate. The relevant inquiry, however, was "whether bank robbery requires *general intent* (i.e., knowledge) with respect to intimidation." *Id.* (emphasis added). The court found that bank robbery required that level of intent, noting: "the Supreme Court ruled in *Carter v. United States* that bank robbery . . . requires 'proof of general intent—that is, that the defendant possessed knowledge with respect to the actus reus of the crime (here, the taking of property of another by force and violence or intimidation).'" *Id.* (quoting *United States v. Carter*, 530 U.S. 255, 268 (2000)). "Put differently, the prosecution must show that the defendant knew 'the facts that mad[e] his conduct fit the

definition of the offense.'" *Id.* (quoting *United States v. Elonis*, 575 U.S. 723, 735 (2015)). The court concluded: "Thus, to secure a conviction of bank robbery 'by intimidation,' the government must prove not only that the accused knowingly took property, but also that he **knew** that his actions were objectively intimidating." *Id.* (emphasis added). As a result, the Fourth Circuit found that this *mens rea* met the requirement of *Garcia v. Gonzales*, 455 F.3d 465, 469 (4th Cir. 2006), that a crime of violence must be committed by a *mens rea* greater than recklessness. *Id.* at 155-56.

Federal bank robbery by intimidation meets the *mens rea* requirement of *Borden*. The "intimidation" required by carjacking (1992 version) is—as Petitioner himself argues—the same as the "intimidation" required by the federal bank robbery statute. Therefore, like federal bank robbery, carjacking (1992 version) by intimidation meets the *mens rea* threshold set by *Borden*— that the crime must require more than recklessness. Therefore, because carjacking (1992 version) requires more than reckless conduct even if committed by intimidation, it is a crime of violence after *Borden*.[1]

Accordingly, Petitioner § 2255 motion must be dismissed.

### IV.     Certificate of Appealability

A Certificate of Appealability will issue only on "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).  Where the Court denies relief on the merits, the

---

[1] In its moving brief, the Government put forth various arguments for why Petitioner's attacks on his § 922(g) conviction fail. (Dkt. No. 143-1 at 5-15).  In his response in opposition, Petitioner failed to address these arguments. *See generally* (Dkt. No. 147).  Accordingly, the Court finds that Petitioner has conceded his arguments pertaining to § 922(g). *See Campbell v. Rite Aid Corp.*, Civil Action No. 7:13-cv-02638-BHH, 2014 WL 3868008, at * 2 (D.S.C. Aug. 5, 2014) ("Plaintiff failed to respond to [Defendant's] argument regarding causes of action 1 and 2, and the Court can only assume that Plaintiff concedes the argument."); *Stenlund v. Marriott Int'l, Inc.*, 172 F.Supp.3d 874, 887 (D. Md. 2016) ("In failing to respond to this argument, Plaintiff concedes the point."); *Kissi v. Panzer*, 664 F.Supp.2d. 120, 123 (D.D.C. 2009) ("Because the plaintiff's opposition fails to address the defendants' arguments, the Court may treat the defendants' motion [to dismiss] as conceded.").

petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds a Certificate of Appealability is not warranted here because reasonable jurists would not find it debatable that the 1992 version of the federal carjacking statute is a crime of violence.

## V. Conclusion

For the foregoing reasons, the Court **GRANTS** the Government's motion to dismiss (Dkt. No. 143) and **DENIES** Petitioner's motion for relief under 28 U.S.C. § 2255 (Dkt. Nos. 112, 115).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

October 27, 2021
Charleston, South Carolina

-11-